1  SEVAG DEMIRJIAN (SBN 243656)
   sevag@demirjianlaw.com
2  **DEMIRJIAN LAW OFFICES**
3  5200 Lankershim Blvd. Suite 850
   North Hollywood, CA 91601
4  Telephone: 310-870-3977

5
   Gregory M. Ajalat, Esq. (SBN 150878)
6  Greg@Ajalatlawlaw.com
7  **AJALAT & AJALAT, LLP**
   5200 Lankershim Blvd. Suite 850
8  North Hollywood, CA 91601
   Telephone: 818-506-1500
9

10
   Attorneys for Defendant MONSTA ATHLETICS, LLC.
11

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15  MONSTER ENERGY COMPANY,        ) CASE NO. 5:18-cv-00869
16  a Delaware Corporation,        )
                                   )
17                 Plaintiff,      ) **DEFENDANT MONSTA
                                   ) ATHLETICS, LLC'S ANSWER TO
18                                 ) PLAINTIFF'S COMPLAINT**
                                   )
19  vs.                            ) **Complaint served: April 26, 2018**
                                   )
20  MONSTA ATHLETICS, LLC, a       )
    California limited liability company. )
21                                 )
22                 Defendants.     )
                                   )
23                                 )
                                   )
24 _____

25      Defendant MONSTA ATHLETICS, LLC, a California limited liability company

26  ("MONSTA") hereby answers the complaint filed by MONSTER ENERGY

27  COMPANY, a Delaware Corporation ("MONSTER") as set forth below.

28

# I. JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

# II. THE PARTIES

5. Admitted.

6. Admitted.

# III. COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

## A. Monster's Trademarks and Trade Dress

7. Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and therefore denies the same.

8. Defendant is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9. Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10. Defendant is without sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and therefore denies the same.

11. Defendant is without sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint and therefore denies the same.

12. Defendant is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and therefore denies the same.

13. Defendant is without sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint and therefore denies the same.

14. Defendant is without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and therefore denies the same.

15. Defendant is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies the same.

16. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 16 of the Complaint and therefore denies the same

17. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 17 of the Complaint and therefore denies the same.

18. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 19 of the Complaint and therefore denies the same,

20. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 20 of the Complaint and therefore denies the same.

21. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 21 of the Complaint and therefore denies the same.

22. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 22 of the Complaint and therefore denies the same.

23. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 24 of the Complaint and therefore denies the same.

25. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 25 of the Complaint and therefore denies the same.

26. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 26 of the Complaint and therefore denies the same.

27. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 27 of the Complaint and therefore denies the same.

28. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 28 of the Complaint and therefore denies the same.

29. Defendant is without sufficient information to admit or deny the

allegations of Paragraph 29 of the Complaint and therefore denies the same.

30. Defendant is without sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint and therefore denies the same.

31. Defendant is without sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint and therefore denies the same.

32. Defendant is without sufficient information to admit or deny the allegations of Paragraph 32 of the Complaint and therefore denies the same.

33. Defendant is without sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint and therefore denies the same.

34. Defendant is without sufficient information to admit or deny the allegations of Paragraph 34 of the Complaint and therefore denies the same.

35. Defendant is without sufficient information to admit or deny the allegations of Paragraph 35 of the Complaint and therefore denies the same.

36. Defendant is without sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint and therefore denies the same.

37. Defendant is without sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint and therefore denies the same.

38. Defendant is without sufficient information to admit or deny the allegations of Paragraph 38 of the Complaint and therefore denies the same.

39. Defendant is without sufficient information to admit or deny the allegations of Paragraph 39 of the Complaint and therefore denies the same.

**B. Defendant's Infringing Activities**

40. Admitted, that among other things, Defendant is engaged in the business of producing, selling, and distributing sports equipment, clothing, sports bags, and accessories. Admitted that Defendant owns and operates the web page https://monstaathletics.com/ and maintains a Facebook presence at https://www.facebook.com/MonstaAthletics/. Defendant denies the remaining allegations of Paragraph 40 of the Complaint.

41. Admitted that MONSTA does offer goods and services in connection with MONSTA, MONSTA ATHLETICS, MONSTA GEAR,  and the "M" logo. Defendant denies the remaining allegations of Paragraph 41 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted that MONSTA did filed a U.S. Trademark Application on June, 10, 2015 for their "M" logo mark, which registered on May 31, 2016 as U.S. Registration No. 4,967,673. Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47. Admit

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## IV. FIRST CLAIM FOR RELIEF

### (Trademark Infringement, Trade Dress Infringement, and False Designation of Origin Under 15 U.S.C. § 1125(a))

61. MONSTA herein incorporates by reference its answer to Paragraphs 1-60

1  of the Complaint.

2  62. Admitted that this is styled as an action for trademark infringement,

3  trade dress infringement, and false designation of origin.

4  63. Defendant is without sufficient information to admit or deny the

5  allegations of Paragraph 63 of the Complaint and therefore denies the same.

6  64. Denied.

7  65. Denied.

8  66. Denied.

9  67. Denied.

10  68. Denied.

11  69. Denied.

12  70. Denied.

13  **V. SECOND CLAIM FOR RELIEF**

14  **(Trademark Infringement Under 15 U.S.C. § 1114)**

15  71. MONSTA herein incorporates by reference its answer to Paragraphs 1-70

16  of the Complaint.

17  72. Admitted that this is styled as an action for trademark infringement.

18  73. Defendant is without sufficient information to admit or deny the

19  allegations of Paragraph 73 of the Complaint and therefore denies the same.

20  74. Denied.

21  75. Denied.

22  76. Denied.

23  77. Denied.

24  78. Denied.

25  **VI. THIRD CLAIM FOR RELIEF**

26  **(Federal Dilution of the Claw Icon Mark Under 15 U.S.C. § 1125(c))**

27  79. MONSTA herein incorporates by reference its answers to Paragraphs 1-

28  78 of the Complaint.

80. Admitted that this is styled as an action for federal trademark dilution arising under 15 U.S.C. § 1125(c).

81. Defendant is without sufficient information to admit or deny the allegations of Paragraph 81 of the Complaint and therefore denies the same.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## VII. FOURTH CLAIM FOR RELIEF

### (Trademark Counterfeiting Under 15 U.S.C. § 1114)

87. MONSTA herein incorporates by reference its answers to Paragraphs 1-86 of the Complaint.

88. Admitted that this is styled as an action for trademark counterfeiting arising under 15 U.S.C. § 1114.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## VIII. FIFTH CLAIM FOR RELIEF

### (Copyright Infringement Under 17 U.S.C. §§ 501 et seq.)

93. MONSTA herein incorporates by reference its answers to Paragraphs 1-92 of the Complaint.

94. Admitted that this is styled as an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, et seq.

95. Defendant is without sufficient information to admit or deny the allegations of Paragraph 95 of the Complaint and therefore denies the same.

96. Defendant is without sufficient information to admit or deny the

1 │ allegations of Paragraph 96 of the Complaint and therefore denies the same.

2 │ 97. Denied.

3 │ 98. Denied.

4 │ 99. Denied.

5 │ 100. Denied.

6 │ **IX. SIXTH CLAIM FOR RELIEF**

7 │ **(Petition for Cancellation of U.S. Trademark Registration No. 4,967,673)**

8 │ 101. MONSTA herein incorporates by reference its answers to Paragraphs 1-

9 │ 100 of the Complaint.

10 │ 102. Admitted that this is styled as an action for cancellation of Defendant's U.S.

11 │ Trademark Registration No. 4,967,673 under 15 U.S.C. § 1119.

12 │ 103. Defendant is without sufficient information to admit or deny the

13 │ allegations of Paragraph 103 of the Complaint and therefore denies the same.

14 │ 104. Denied.

15 │ 105. Denied.

16 │ **X. SEVENTH CLAIM FOR RELIEF**

17 │ **(Dilution of the Claw Icon Mark Under California Business &**

18 │ **Professions Code § 14247)**

19 │ 106. MONSTA herein incorporates by reference its answers to Paragraphs 1-

20 │ 105 of the Complaint.

21 │ 107. Admitted that this is styled as an action for dilution under California Business &

22 │ Professions Code § 14247.

23 │ 108. Defendant is without sufficient information to admit or deny the

24 │ allegations of Paragraph 108 of the Complaint and therefore denies the same.

25 │ 109. Denied.

26 │ 110. Denied.

27 │ 111. Denied.

28 │ 112. Denied.

1

## XI. EIGHTH CLAIM FOR RELIEF

2

### (Unfair Competition Under California Business & Professions Code

3

### §§ 17200 et seq.)

4

113. MONSTA herein incorporates by reference its answers to Paragraphs 1-

5

112 of the Complaint.

6

114. Admitted that this is styled as an action for unfair competition under California

7

Business & Professions Code §§ 17200, et seq.

8

115. Denied.

9

116. Denied.

10

117. Denied.

11

## XII. NINTH CLAIM FOR RELIEF

12

### (California Common Law Unfair Competition)

13

118. MONSTA herein incorporates by reference its answers to Paragraphs 1-

14

117 of the Complaint.

15

119. Admitted that this is styled as an action for unfair competition under the common

16

law of California.

17

120. Denied.

18

121. Denied.

19

122. Denied.

20

123. Denied.

21

124. Denied.

22

## AFFIRMATIVE DEFENSES

23

MONSTA has alleged defenses, as set forth below, to avoid the necessity of

24

needing to amend its Answer, though circumstances may arise requiring such

25

amendment, and MONSTA reserves the right to do so. MONSTA recognizes that,

26

depending upon the development of facts, some of the defenses may ultimately not be

27

applicable. By such pleading MONSTA also intends no alteration of the burden of

28

proof and/or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all defenses are pled in the alternative, and do not constitute an admission of liability or as to whether Plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

### (Improper Venue)

1. Venue is improper in this District.

### SECOND AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

2. There is no likelihood of confusion as to Plaintiff's use of the MONSTER name and the related uses outlined in Plaintiff's complaint, and Defendants' use of the MONSTA name and their "M" logo.

### THIRD AFFIRMATIVE DEFENSE

### (Superior Rights)

3. Defendant has superior rights to use of the MONSTA name in connection with sporting goods and apparel, and related equipment.

### FOURTH AFFIRMATIVE DEFENSE

### (No Protectable Trade Dress)

4. Plaintiff has no protectable trade dress as it applies to Defendant's use of a green and black color scheme on sporting goods and equipment.

### FIFTH AFFIRMATIVE DEFENSE

### (No Inherent Distinctiveness)

5. Plaintiff's MONSTER marks, and their green and black color scheme, are not inherently distinctive, as such, MONSTER's claims are barred because the asserted trademarks and functional design elements are invalid, lack secondary meaning, are not distinctive and/or are generic.

## SIXTH AFFIRMATIVE DEFENSE

### (No Secondary Meaning)

6. Plaintiff's MONSTER marks, and their green and black color scheme has not acquired secondary meaning in the apparel, sporting goods and equipment markets.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Infringement or False Designation of Origin)

7. Defendant has not engaged in any conduct that constitutes federal trademark infringement, trade dress infringement or false designation of origin.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Unfair Competition – California Business & Professions Code)

8. Defendant has not engaged in any conduct that constitutes Unfair Competition under California Business & Professions Code §§ 17200 et seq.

## NINTH AFFIRMATIVE DEFENSE

### (No Unfair Competition – Common Law)

9. Defendant has not engaged in any conduct that constitutes Unfair Competition under California common law.

## TENTH AFFIRMATIVE DEFENSE

### (No Injury)

10. Plaintiff has not been injured by any conduct of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11. Plaintiff's claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel and Acquiescence)

12. Plaintiff's claims are barred by the doctrines of waiver, estoppel and acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

14. Plaintiff's causes of action are barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

15. The Complaint fails to state a claim upon which relief can be granted against MONSTA.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Pleading Uncertain)

16. The Complaint, and each and every cause of action stated therein, is uncertain in that it is vague, ambiguous, and unintelligible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

17. MONSTA presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. MONSTA reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

18. Plaintiff's claims are all barred or must be reduced because Plaintiff failed to mitigate its alleged damages.

1
2

## NINETEENTH AFFIRMATIVE DEFENSE

## (No Enforceable Copyrights)

3
4

19. Plaintiff's copyright claims are barred by the doctrine of independent creation and because the asserted copyrights are invalid.

5
6
7
8

MONSTA expressly reserves all rights to amend this answer to assert additional affirmative defenses as may become appropriate as discovery and factual and legal research are conducted.

9

## PRAYER FOR RELIEF

10

WHEREFORE, Defendant MONSTA prays as follows:

11
12

A. That Plaintiff's claims be dismissed in their entirety, and that Plaintiff take nothing by way of its complaint;

13
14

B. That the Court award Defendant MONSTA's costs and reasonable attorneys' fees as provided for by law; and

15
16

C. That the Court award Defendant MONSTA such other and further relief as the Court deems just and proper.

17
18
19

DATED:  August 20, 2018         Respectfully submitted,

20
21

DEMIRJIAN LAW OFFICES

22
23

By _____ */s/ Sevag Demirjian*

24

Sevag Demirjian
Attorneys for Defendant

25
26
27
28

_____
DEFENDANT MONSTA ATHLETICS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
13